UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENCHMARK HEALTH NETWORK, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:20-MC-00014-X |
| v. | § § | |
| AETNA HEALTH, INC., and AETNA HEALTH MANAGEMENT, LLC, | § § § § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER**

On February 13, 2020, Benchmark Health Network, LLC (Benchmark) asked the Court to quash an arbitral subpoena issued against it on February 2. That subpoena was issued by an arbitrator conducting an arbitration between Aetna Health, Inc. and Aetna Health Management, LLC (collectively, "Aetna")—the defendants in this action—and Jack County Hospital District d/b/a Faith Community Hospital (Faith). Aetna sought Benchmark's appearance before the arbitrator, as well as certain document production, on February 17, 2020. Benchmark did not appear or produce documents then, and now Aetna seeks Benchmark's appearance before the arbitrator, as well as certain document production, on March 2, 2020. Aetna Health Management, LLC moved to compel Benchmark's compliance with the subpoena in a related case, which the Court dismissed without prejudice for lack of subject matter jurisdiction.

1

For similar reasons, the Court **DISMISSES WITHOUT PREJUDICE** this action for lack of subject matter jurisdiction.[1]  "It is well established that the [Federal Arbitration Act] is not an independent grant of federal jurisdiction."[2]  For the Court to have jurisdiction to decide a dispute under the Federal Arbitration Act, the party bringing the action must adequately allege an independent basis of jurisdiction.  But Benchmark's motion does not allege any basis for the Court's jurisdiction.

For these reasons, the Court finds that Benchmark has not met its burden of invoking the Court's jurisdiction.[3]  Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this action.  The dismissal is without prejudice because without jurisdiction the Court is unable to decide the case's merits.

**IT IS SO ORDERED** this 28th day of February 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] Under section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 506 (5th Cir. 2004).

[3] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court." (citing Fed. R. Civ. P. 12(h)(3))); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  *See, e.g., Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam) (a court may *sua sponte* raise a question concerning its subject matter jurisdiction).